## In re THORNTON.

### No. 3154.

District Court, D. Colorado.

June 26, 1934.

McHendrie, Shattuck & Pointer, of Pueblo, Colo., for Fowler State Bank.

E. W. McDaniel, of La Junta, Colo., for Albert Six.

SYMES, District Judge.

This matter is before the court upon the conflicting claims to a certain asset of the estate, eleven shares of stock of the Fowler State Bank of Fowler, Colo., evidenced by certificate 123, issued to the bankrupt, Thornton, and pledged by him as security for his note for $600 in favor of one Albert Six, who claims a first lien thereon. The bank's claim is based upon a promissory note in its favor for $1,600. It claims a prior and superior lien upon the same stock by virtue of section 2695, Comp. Laws of Colorado 1921, which gives state banks a lien upon their own stock to secure any past-due indebtedness of their stockholders. The referee ruled in favor of Six, and the bank appeals.

Six loaned the bankrupt $1,000 on September 24, 1923, at which time the stock certificate was pledged to him. The assignment thereof was filled out on that date at the bank by its president, Mr. Fox, and delivered to Six, who has held the stock ever since. The bank's stock ledger shows an assignment to

Six of the certificate for a loan of $1,500 in 1927; the notation having been made by Fox. The present Six note and the bank's note, upon which their respective claims are based, are both renewals;· $400 having been paid on the original $1,000 note to Six.

The referee found as a fact, and I think correctly, that Fox, the president of the bank, knew Six was loaning money on the faith of the pledge of the said stock, and said nothing at the time about the indebtedness then owing by Thornton to the bank. On this state of facts the referee was of the opinion that the bank was chargeable with the knowledge and acts of Mr. Fox in aiding the pledge of the stock to Mr. Six and in thereafter making the notations on the books; that this amounted to notice to Six that the bank had no claim and constituted an estoppel against the bank. He found that the pledge of the shares of stock to Six constituted a first and prior lien thereon.

In my opinion the learned referee erred in so holding. The statute provides (section 2695): "No sale of the stock of any bank shall be valid as against the bank or any creditor thereof so long as the holder is indebted to the bank, either as principal or surety, on any past due obligations, nor in such case shall any dividend or interest be paid on such shares, but the same shall be retained by the bank and applied to the discharge of such liabilities."

This statute is notice to all the world, and we must hold that Six had constructive notice thereof at the time he took the stock as security for his loan. Therefore he is conclusively presumed to know anything that the bank officials could or should have disclosed.

The cases cited in the brief for the bank hold the statute was sufficient to put him upon inquiry and constitutes good notice of all those matters that such an inquiry, diligently pursued, would have disclosed. This means that Six was put upon inquiry, and it became his duty to inquire if there was any indebtedness due from Thornton to the bank, for the payment of which this statute gave the bank a prior lien on this stock that he was about to take as security for his own loan to Thornton. Having failed to make this inquiry, he must suffer the consequences. The mere silence of the bank under the circumstances disclosed is not enough to create an estoppel. Whether one would have arisen had he made inquiry and been informed by the bank that Thornton was not indebted to it is a question we do not have to now decide.

Bankruptcy is heard on the equity side of the court. The doctrine of estoppel is an equitable principle, but courts of equity aid the diligent and not those who sleep upon their rights and fail to exercise the care and caution customary in the more important affairs of business.

Furthermore, it must be remembered that banks are the creatures of the state and are affected with a public interest. Provisions of law, such as the one in question, are enacted for the protection of their depositors and other creditors, and cannot be set aside by the courts, except for the most cogent reasons, or waived by the officials of the bank.

It follows that the bank has a first and prior lien on the stock in question for such a sum as it may be ascertained was actually due it from Thornton on September 24, 1923.

The order appealed from is reversed, and the matter remanded for further proceedings.